[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14654
Non-Argument Calendar
_____

D.C. Docket No. 8:10-cr-00297-JDW-TGW-2


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MELVIN CANADY,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 4, 2021)

Before JORDAN, NEWSOM, and TJOFLAT, Circuit Judges.

PER CURIAM:

Melvin Canady appeals the district court's denial of his motion for a reduced sentence under Section 404 of the First Step Act of 2018, 132 Stat. 5194.  Canady was previously sentenced to 216 months' imprisonment, with a six-year term of supervised release, for distributing a detectable amount of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C).  He contends that he is eligible for a reduced sentence because his § 841(b)(1)(C) offense was a "covered offense" within the meaning of the First Step Act.

On March 2, 2021, we stayed this appeal pending the Supreme Court's decision regarding the same issue in *Terry v. United States*, No. 20-5904.  The Court has now decided *Terry*, and *Terry* forecloses Canady's appeal.  141 S. Ct. 1858, 1862–63.  The Court held that a crack offender is eligible for a sentence reduction under the First Step Act only if he was convicted of a crack offense that triggered a mandatory minimum sentence.  *Id.*  Because § 841(b)(1)(C) sets no mandatory minimum, offenders convicted of violating that subsection are not eligible for First Step Act relief.  *Id.*  We **AFFIRM**.